IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODGNEY GALE WILSON, ) <br> Reg. No. 56428-509, ) <br> ) <br> Petitioner, ) <br> ) <br> v.  ) <br> ) <br> WARDEN WASHINGTON, ) <br> ) <br> Respondent. ) | CASE NO. 2:25-CV-348-WKW <br> [WO] |

# **ORDER**

Petitioner Rodney Gale Wilson, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. # 1), which was docketed on May 5, 2025. At the time of filing, Petitioner was incarcerated at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"). However, according to the Inmate Locator website operated by the Federal Bureau of Prisons (BOP), Petitioner has since been released to a residential reentry management (RRM) facility.[1] Because Petitioner

---

[1] The BOP's Inmate Locator reflects that Petitioner is no longer in custody at FPC Montgomery. Petitioner's current location is listed as St. Louis RRM. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 6, 2025). This court takes judicial notice of the public records maintained on the BOP's website. *See* Fed. R. Evid. 201(c); *see also Naveleski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1300 n.25 (N.D. Fla. 2017). "[I]t is not uncommon for courts to take judicial notice of factual information found on official governmental agency websites." *Naveleski*, 244 F. Supp. 3d at 1300 n.25 (citing *Marshek v. Eichenlaub*, 266 F. App'x 392, 392–93 (6th Cir. 2008) (per curiam) (taking judicial notice, sua sponte and at the appellate stage, of information on the Inmate Locator—which is maintained by the BOP and accessible on its official website—to determine that the appellant had been released since filing the appeal and the appeal thus was moot)); *see also Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) ("The Court is permitted to take judicial notice of information on the [BOP's] Inmate Locator Service." (citation modified));

has been transferred to an RRM, there is no longer a case or controversy to litigate, and this court is unable to provide any meaningful relief to Petitioner. *See Adams v. Washington*, 2025 WL 2174855, at *1–2 (M.D. Ala. July 31, 2025).

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice as moot.

Final Judgment will be entered separately.

DONE this 7th day of October, 2025.

                                          /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE

---

*United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the BOP's publicly accessible Inmate Locator records).